**T. Robert MATTEN, Individually and as Executor of the Estate of Angela M. Matten, Deceased, Plaintiff,**

v.

**Daniel G. HEAD, Jr., Administrator of the Estate of John Lazar, Deceased, Defendant.**

**Civ. A. No. 29695.**

United States District Court
E. D. Pennsylvania.

Nov. 29, 1961.

Robert I. Cottom, Matten & Cottom, Reading, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

GRIM, Senior District Judge.

In this diversity action the complaint avers that a Rhode Island court granted defendant letters of administration on the estate of his decedent. In his answer to the complaint defendant denies this generally. He also denies that the Rhode Island court "had authority" to grant the letters and denies that he is "the proper and duly constituted administrator" of the estate. As a separate defense he avers that he "is not a duly authorized representative" of the estate.

Plaintiff has moved, under F.R.Civ.P. rule 12(f), 28 U.S.C.A., to strike these averments from the answer on the ground that they fail to state a legal defense and are immaterial and irrelevant.

If the averments can be substantiated they would amount to a complete defense, although not on the merits.

It may be that the letters were not properly granted, but since there has been no discovery or other ascertainment of the facts there are no facts on the record from which this can be determined. Consequently, the motion to strike will be denied.